IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**TIMOTHY HANNA**, et al.,

    Plaintiffs,

v.

**NEWMAR CORPORATION**, et al.,

    Defendants.

CASE NO: 3:16-cv-00674-JVB-JEM

**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

COMES NOW DEFENDANT NEWMAR CORPORATION, and hereby states as its Response.

Plaintiff filed a combined Motion and Brief to Strike Evidence in Support of Defendant Newmar's Motion for Summary Judgment. In the body of that document which Newmar received on April 2, 2017, Plaintiff indicates a desire to strike first the entire Affidavit of Steven Klotz, and then certain paragraphs of the Affidavit of Steven Klotz and certain Exhibits designated by Defendant Newmar in its "Materials Relied Upon" referenced in the Steven Klotz Affidavit. Plaintiff organizes its Motion/Memorandum in five numbered paragraphs. Defendant will respond to each paragraph individually but first respectfully requests the Court to deny Plaintiff's Motion to Strike in its entirety:

    1. <u>Motion to Strike Affidavit of Steven Klotz in its entirety and referenced Exhibits.</u>

The arguments by Plaintiff in his first objection appear to be primarily that the Affidavit must be based on personal knowledge and must show the affiants competency to testify. Newmar does not disagree with this but believes the Affidavit as presented satisfies these requirements.

1

Numbered paragraph 1 of Mr. Klotz's Affidavit indicates he holds a managerial position with Newmar (Consumer Affairs Manager). The paragraph indicates he personally has had involvement with Plaintiff's Motor Home service issues which Defendant submits is the subject matter of Plaintiff's litigation. He indicates that he has held the position and has been involved with those service issues at all relevant times and he further states that the has personal knowledge stated in the Affidavit. The Affidavit itself is a sworn statement. Plaintiff sites authority from the 10th and 4th Federal Circuits, this would appear to be a procedural rather than a substantive issue, but if even substantive, 7th Circuit Authority would appear more appropriate. To begin with every witness is presumed competent to testify until it can be shown that the witness does not have the personal knowledge of the matters about which he is to testify, *U.S. vs. Gutman*, 725 F.2d 417, 424 (7th Cir. 1984). In his motion, Plaintiff presents no facts (just questions) to substantiate Mr. Klotz does not have personal knowledge averred. Although his "title" was misquoted by Defendant's counsel (Warranty Service Director, incorrect; Consumer Affairs Manager, correct), in Defendant's original Trial Rule 26 Disclosure, Mr. Klotz as a "individual having relevant information" has been known by Plaintiff since the original Trial Rule 26 Disclosure letter 3/15/17, (attached hereto Exhibit I). If at any time Plaintiff wishes to establish "facts" to challenge Mr. Klotz's knowledge or competency, they could have sent interrogatories or taken his deposition. They chose not to. His presumption of competency should not be overcome with questions Plaintiff could have had answered, but chose not to ask during discovery.

Mr. Klotz provided from Newmar's business records which he has responsibility for maintaining, all the documents supplied in response to Plaintiff's Request for Productions Requests #1, #2, #4(b, c, d, e, f, h, i, & n), & #5 (see attached Exhibit II). These very documents Newmar produced from Newmar's records kept in the ordinary course of Newmar's business are

the exhibits identified in Newmar's Motion for Summary Judgment, Materials Relied Upon, and discussed in Mr. Klotz's Affidavit. Specifically:

| Newmar's Summary Judgment Motion/Klotz Affidavit, Exhibits | TR26 & Request For Production, Pg. No. |
| --- | --- |
| B | N-9 |
| D | N-335 |
| E | N-10 to N-18 |
| F | N-61 to N-69 |
| G | N-7 & N-8 |
| I | N-75 |
| J | N-100 to N-104 |
| K | N-124 |

Nevertheless, out of an abundance of caution, Newmar has prepared and submits (attached hereto as Exhibit V), a Supplemental Affidavit of Steven Klotz providing for additional detail as to Mr. Klotz's duties, responsibilities, and source of knowledge.

The United States District Court for the Northern District of Indiana has great discretion in determining whether an Affidavit is sufficient under Federal Rules of Civil Procedure Rule 56e, *Maldonado vs. U.S. Bank*, 186 F.3d 759, 769 (7th Cir. 199); *Credentials Plus, LLC vs. Calderone*, 230 F. Supp 2d 890, 904 (N.D. Ind. 2002). Furthermore, as stated in *Credentials Plus*:

> "Rule 56(e) does not require affiant to affirmatively state that they are competent to testify. Moreover, other sources find that personal knowledge as related to competence may be inferred from the contents of an Affidavit as a whole rather than from an explicit assertion that the affiant has personal knowledge for each statement in an Affidavit, *Credentials Plus, LLC, Id.*, pg. 904."
> "Every witness is presumed competent to testify unless it can be shown that the witness does not have personal knowledge of the matters about which he is to testify, that he does not have the capacity to recall, or that he does not understand the duty to testify truthfully, *Credentials Plus, LLC, Id.*, pg. 904."
> "56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the Affidavits themselves… Personal knowledge may also flow logically from the context of the Affidavit. For example…corporate officers are presumed to have personal knowledge of the acts of their corporation. *Credentials Plus, LLC*, pg. 904 & 905. See also *Hatcher vs. Gary Cemetery*, 2006 U.S. District Lexus 161503 (N.D. Ind. 2016)."

3

Finally even though Plaintiff has only presented "questions", not evidence to substantiate Mr. Klotz lacks personal knowledge, Defendant has submitted out of an abundance of caution the Supplemental Affidavit of Steven Klotz (Exhibit V), the individual whose original Affidavit Plaintiff seeks to have stricken.

2. <u>Motion to Strike Klotz Affidavit Paragraph 4 and Exhibit D.</u>

Newmar incorporates by reference its response to Plaintiff's Motion to Strike #1, ¶ #1 as part of its response to Motion to Strike ¶ #2 as if set forth here fully.

Exhibit "D" was originally provided in Response to Plaintiff's Request for Production for 4c (see attached Exhibit II). That specific request was as follows:

> 4. Copies of your complete files on the subject vehicle, held in zone, district, regional, and/or national offices, including but not limited to the following:
>
> c. Records and claims related to damage in transit

A copy of Exhibit D is part of Newmar's record. It was also produced by Newmar dealership, Holiday World of Katy (hereafter "HWK") in response to a subpoena issued by Plaintiff at the deposition of HWK's employees, April James, Roger Morgan and Larry Pickens. In those depositions, all documents provided in response to Plaintiff's subpoena were identified as "Exhibit 2, documents produced by HWK, 210 pages" (see attached Exhibit III, pg. 3 & 4, Larry Pickens Deposition excerpt). Specifically within that larger group of documents identified as Exhibit 2, which was a request for records relevant to Plaintiff's Motor Home, were pages 00072 and 00073 (Exhibit III, pg. 5 & 6) Page numbers 00072 and 00073 are very small, located in the upper left hand corner of each page). The document (Exhibit D) is in both the records of the sending (selling manufacturer, Newmar), and the receiving (Purchasing) dealer, HWK. Roger Morgan, Sales Manager for HWK, specifically discusses in his deposition (attached Exhibit IV, Morgan Deposition, pg. 21, lines 11-25; pg. 22 & pg. 23, lines 1-15, Exhibit D). The fact that there

4

is no specific reference to Plaintiff's Motor Home on Exhibit D is of no consequence as both Newmar and HWK indicate it was in their records applicable to Plaintiff's Motor Home and was provided in response to Plaintiff's Request for Production regarding documents applicable to Plaintiff's Motor Home. The caption at the top of page 1 of Exhibit D, indicates that it is a Newmar form or at least it has Newmar's name preprinted on it. Mr. Morgan's testimony on page 23, lines 1-15 of his deposition which Mr. Klotz indicates he has read, indicated no issues at the time of delivery. The document and the testimony are consistent. Neither the paragraph nor the document should be stricken.

3. Motion to Strike Klotz Affidavit Paragraph 5

Defendant incorporates by reference its Response to Plaintiff's Motion to Strike, Paragraph #1.

The statement "would have been shipped" is an affirmative statement not a guess. There is no basis for Plaintiff's objection; Plaintiff provides no evidence that Mr. Klotz is not competent to make the statement. Defendant's Supplemental Affidavit of Steven Klotz (Exhibit V, ¶ #8) further states Mr. Klotz's familiarity with Newmar's practice of including documents in motor homes when they are shipped from Newmar.

4. Motion to Strike Klotz Affidavit Paragraphs 8 and 9

Defendant incorporates by reference its Response to Plaintiff's Motion to Strike ¶ #1. Once again, Newmar responds that early in this litigation, responding to Plaintiff's Request for Production (Exhibit II), it provided Plaintiff with "Newmar records". Records which Mr. Klotz had a responsibility to maintain. See response to #1 and Klotz Supplemental Affidavit, (Exhibit V, ¶ 3b).

Part of Plaintiff's Production Request (Exhibit II, Request 4h; 4n, & 12) all request records of forms of communication to which Newmar responded and produced Newmar documents N-10 to N-109 (i.e. approx. 100 pages). All of those documents are letters, emails, or records of letters, emails and phone conversations (phone call references appear in documents N-86 to N-109 "Call Reports").

Paragraph #2 of Mr. Klotz original Affidavit indicates Newmar has no other location other than Nappanee, Indiana. Records N-10 to N-109 were created in the ordinary course of business (Klotz Supplemental Affidavit, ¶ #6). Paragraphs 8 and 9 of Klotz's original Affidavit were offered primarily to show where the correspondence to Newmar was received or from where correspondence was sent (i.e. Nappanee, Indiana), not to prove the contents of that correspondence. There is no hearsay, but if there was, it would be subject to the Business Record Exception FRE 803(6).

5. Motion to Strike Klotz Affidavit Paragraph 13

Defendant incorporates by reference its Response to Plaintiff's Motion to Strike ¶ #1.

Defendant agrees Mr. Klotz did not create Exhibit E or Exhibit F attached as "Materials Relied Upon" in Defendant Newmar's Motion for Summary Judgment. They were and are part of Newmar records, (N-10 to N-18 and N-61 to N-69). They were produced as part of Newmar's TR26 Disclosure and Response to Request for Production. As indicated initially by Mr. Klotz's title and is further substantiated by his Supplemental Affidavit (Exhibit V), it is part of his duties to "review service records and make decisions on payment or non-payment" it is not his "opinion", it is what he does. There is no violation of FRE 601, 802, or 901"

WHEREFORE, Defendant Newmar respectfully requests the Court deny Plaintiff's Motion to Strike in its entirety.

6

                                      Respectfully submitted,

                                      Thorne • Grodnik, LLP

                                      /s/ Glenn L. Duncan
                                      Glenn L. Duncan #4637-20
                                      28 W. High Street
                                      Elkhart, IN 46516
                                      Phone: 574-294-7474
                                      Fax: 574-294-5390
                                      *Attorney for Newmar Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true, accurate and complete copy of the above and foregoing was sent by regular United States mail, postage prepaid, on this 18th day of April, 2018, to the following:

Terry L. Baker, Esq.
820 Bay Avenue, Suite 230 L
Capitola, CA 95010

                                      /s/ Glenn L. Duncan
                                      Glenn L. Duncan (#4637-20)